**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

FRED LOEWY,                                        )        CV-03-2284-PHX-FJM
                                                   )
            Plaintiff,                             )        **ORDER**
vs.                                                )
                                                   )
RETIREMENT COMMITTEE, PLAN)
ADMINISTRATOR OF THE)
MOTOROLA, Inc. PENSION PLAN)
AND THE MOTOROLA, Inc. PENSION,)
PLAN,                                              )
            Defendants.                            )
                                                   )
                                                   )

        On September 16, 2005, we held a fairness hearing under Rule 23(e)(1)(C), Fed. R.
Civ. P.  We had before us the parties' joint motion for approval of their stipulation of
settlement and their corrected stipulation of settlement.  We also had before us plaintiff's
motion for attorneys' fees (doc. 131), and the "Joint Motion to File Stipulation and Joint
Motion for Approval of Corrections to Stipulation of Settlement and Corrected Stipulation
of Settlement and Joint Motion for Preliminary Approval of Stipulation of Settlement Under
Seal" (doc. 141).

        Notice was given and no objections to the settlement were filed. Nor were any
objections filed to the motion for an award of attorneys' fees.

        We are now in receipt of the "Defendants' Memorandum Regarding the Fairness of
the Settlement" (doc. 143), the plaintiff's "Proposed Findings of Fact and Conclusions of Law
Regarding Corrected Stipulation of Settlement" (doc. 144), the defendants' response

1  indicating no objection to the plaintiff's proposed findings of fact, the plaintiff's

2  "Supplemental Memorandum in Support of Motion for Award of Attorneys' Fees and Costs"

3  (doc. 145), and the "Declaration of Daniel L. Bonnett in Further Support of Motion for

4  Attorneys' Fees" (doc. 146).

5       Having considered all of these matters, we now find that the corrected stipulation of

6  settlement is "fair, reasonable, and adequate" within the meaning of Rule 23(e)(1)(C), Fed.

7  R. Civ. P., and therefore approve this settlement and dismissal.

8       And while an award of 25% of the common fund appears to result in a

9  disproportionately  high award of attorneys' fees, the fact remains that counsel for plaintiff

10  did a terrific job and no member of the class has objected.  Moreover, the United States Court

11  of Appeals for the Ninth Circuit has stated that a 25% award is the proper benchmark in cases

12  of this sort.  *Paul, Johnson, Alston, & Hunt v. Graulty*, 886 F.2d 268, 273 (9th  Cir. 1989).

13  Adjustments up or down should be accompanied by a reasonable explanation as to why the

14  benchmark is unreasonable under the circumstances.  *Id.*  In light of the fact that neither the

15  defendants nor the class members have objected to the amount of fees, and given the fact that

16  there is no adversariness here, we have no empirical basis upon which to state  that the fee

17  is unreasonable within the meaning of Rule 23(h), Fed. R. Civ. P.   Accordingly, IT IS

18  ORDERED as follows:

19       1.  The joint motion to approve the corrected stipulation of settlement is GRANTED

20  and the settlement is approved.

21       2. The motion for an award of attorneys' fees and costs in the amount of 25% of the

22  common fund ($2,825,883.75) is GRANTED (doc. 131).

23       3. The joint motion to file documents under seal is DENIED (doc. 141).

24       4. In all other respects, this class action is hereby dismissed with prejudice.

25       DATED this 7th day of October, 2005.

26

27  _____
    Frederick J. Martone

28  United States District Judge

- 2 -